## UNITED STATES v. JENKINS.
### No. 15438.

United States District Court
E. D. Pennsylvania.
June 26, 1950.

Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harry Lapensohn, of Philadelphia, for defendant.

BARD, District Judge.

In this case the defendant was indicted on four counts for (1) having in his possession, custody and control an unregistered still, (2) knowingly and unlawfully carrying on the business of a distiller without having given bond, (3) knowingly and unlawfully possessing an untaxed one-gallon jug of whiskey, and (4) knowingly and unlawfully concealing three untaxed five-gallon cans of whiskey. A jury found him guilty on all counts. This case is now before me on the defendant's motion for new trial.

█ The still and whiskey were located on the third floor of a house owned by the defendant. The essence of the defense was that although the defendant owned the house, he was not an occupant of it, and that the third floor was rented to a man named Rice whose whereabouts were unknown and who had never been seen by the other occupants of the house. Thus, the guilt or innocence of the defendant on all four counts hinged on determining who occupied the third floor. There was sufficient evidence to find the defendant guilty.

The jury returned a general verdict of guilty. The Clerk of Court thought it advisable to ascertain the verdict as to each count. The forelady of the jury, apparently flustered by the attention centered upon her at this time, became confused, and her reply of "guilty" as she was asked how they found on each count probably was prompted by another juror. Whereupon, the defendant's counsel requested that the jury be polled.

As they were polled separately on each count, the first ten jurors replied "Guilty" to each count respectively. Juror Number 11, however, replied, "I am in doubt what these various counts are, to tell the truth, and—".

At this time I explained to them, as I had done in my original charge before they retired to deliberate their verdict, what crime the defendant was charged with in each count of the indictment.

After this explanation, Juror Number 11 replied "Guilty" to each count respectively, and said, "I feel if he is guilty on one, he is guilty on the whole four."

The defendant contends in his motion for a new trial that the verdict was not unanimous because of the foregoing remarks by Juror Number 11 and because I did not send the jury out, after my explanation, to deliberate anew on their verdict.

I cannot agree with his contention. While there may have been some confusion in at least one juror's mind as to what each count represented, there was no confusion as to the crucial issue in this case. To find the defendant guilty on any one of the four counts, the jury, individually and collectively, must have determined that the defendant was the occupant of the third floor. With this as the basic issue to be determined, Juror Number 11's closing remark is apropos, "If he is guilty on one, he is guilty on the whole four."

█ If any defect existed in the verdict as tendered by Juror Number 11, that defect was one of form, not one of substance. This defect, if it may be called such, was immediately corrected by Juror Number 11 himself without any suggestion or prompting by the Court as to how it should be corrected. Commonwealth v. Huston, 46 Pa.Super. 172, 219–221.

Accordingly, I find that the verdict was unanimous, and the imposition of sentence will not deprive the defendant of his liberty or property without due process of law.

The other reasons assigned by the defendant in support of his motion for new trial are without merit.

The defendant's motion for new trial is hereby denied.